UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MATTHEW SMITH,

                Plaintiff,

                                                        06 CIV. 1779 (WHP)

   -against-

                                                        COMPLAINT
                                                        and DEMAND FOR
                                                        JURY TRIAL

ORLANDO RIVERA, JOHN PARK,
MICHAEL CUMMINGS, JOHN                     ECF CASE
DOE POLICE OFFICERS # 2-10, UNIDENTIFIED
UNDERCOVER NEW YORK CITY
POLICE OFFICER SHIELD #6216,
and THE CITY OF NEW YORK,

                Defendants.
------------------------------------------------------------X

## INTRODUCTORY STATEMENT

1.     The plaintiff, Matthew Smith, brings this action under 42 U.S.C. § 1983 and related state laws seeking declaratory relief, compensatory and punitive damages, and attorney's fees under 42 U.S.C. § 1988 for the Defendants' violation of his rights afforded by the United States Constitution and the laws of the State of New York.

2.     Defendants falsely arrested plaintiff without just and probable cause, and in effecting that arrest, used excessive and unlawful force, causing him physical pain and emotional suffering; and maliciously prosecuted plaintiff without probable cause.

## JURISDICTION AND VENUE

3.     The Court has jurisdiction over plaintiff's claims under 42 U.S.C. § 1983, pursuant to 28 U.S.C. §§ 1331 and 1343(3).

4.     Venue is proper in the Southern District for New York, pursuant to 28 U.S.C. § 1391(b),

because the incidents complained of occurred within this district.

5.     Prior to the commencement of this action, and within ninety (90) days that the criminal charges had been disposed of in his favor, plaintiff served a notice of claim in writing, upon the defendant, the City of New York, in accordance with Section 50(e) of the General Municipal Law.

6.     More than ninety (90) days passed between the service of plaintiff's notice of claim and the commencement of this action, and during such period the defendant City of New York neglected and refused to pay said claim or adjust same.

## PARTIES

5.     The plaintiff is a citizen of the United States and a resident of Brighton, Massachusetts. His domicile is in Massachusetts.

6.     Defendant, Orlando Rivera, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a police officer.

7.     Defendant, John Park, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a police officer.

8.     Defendant, Unidentified Undercover Officer, Shield #2616, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a police officer.

9.     Defendant, Michael Cummings, sued herein in his individual capacity, was at all times hereinafter mentioned employed by the City of New York as a Detective in the New York City Police Department.

10.    Defendant, City of New York (NYC or The City) is a municipal corporation duly organized and existing under and by virtue of the laws of the State of New York. At all times relevant hereto,

the City, acting through the New York City Police Department (NYPD), was responsible for the policy, practice, supervision, implementation, and conduct of all NYPD matters and was responsible for the appointment, training, supervision, and conduct of all NYPD personnel, including the defendants referenced herein. In addition, at all relevant times, defendant NYC was responsible for enforcing the rules of the NYPD, and for ensuring that the NYPD personnel obey the laws of the United States and of the State of New York.

11. The "John Doe" Defendants who are unnamed NYPD officers, whose actual names Plaintiff has been unable to ascertain notwithstanding reasonable efforts to do so, but who are sued herein by the fictitious designations John Doe, were police officers of the NYPD, acting in the capacity of agents, servants, and employees of the City, and within the scope of their employment as such. sued herein in their individual capacities, were, at all times hereafter mentioned, employed by NYC as NYPD officers.

12. All defendants, either personally or by and through their employees, were at all times material to this incident, acting under color of state law, to wit, under color of the statutes, ordinances, customs, policies and/or practices of the State of New York and/or the City of New York, and the employees of defendant City of New York were also acting within the scope of and in furtherance of their employment.

13. At all times material to this complaint, the defendants acted jointly and in concert with each other. Each defendant had the opportunity and the duty to protect the plaintiff from the unlawful actions of the other defendants but each defendant failed and refused to perform such duty, thereby proximately causing the plaintiff's injuries.

FACTUAL ALLEGATIONS

14. On August 29, 2004, at about 2:00 p.m., Plaintiff was walking in the vicinity of 34th Street and 6th Avenue in Manhattan.

15. Plaintiff was a part of the lawful, permitted antiwar protest and march.

16. Initially, plaintiff was walking behind a group of protestors carrying a paper maché dragon.

17. Plaintiff continued walking, eventually passing the group holding the dragon.

18. When plaintiff was approximately one and one-half blocks in front of the individuals carrying the paper maché dragon, he heard yelling.

19. Some individuals, approximately one and one half blocks behind Mr. Smith, had set the paper-mache' dragon on fire. Mr. Smith did not know those individuals and had nothing to do with them.

20. Plaintiff dropped the sign he had been holding. Numerous police officers began chasing everyone in the vicinity. Metal gates were moved to the middle of the road to prevent people from leaving the area.

21. Plaintiff walked through an opening in the metal gates, and turned around again. At that time, he saw another barrier line of police officers.

22. Unidentified police officers grabbed plaintiff, arresting him, despite the fact that he was lawfully walking down the street, was not breaking any laws, was not a member of the group of protestors carrying the paper maché dragon, and was only trying to leave the area.

23. Plaintiff did not fight back or in any way resist his unlawful arrest.

24. After being arrested, Plaintiff was handcuffed with his hands behind his back. Those handcuffs were maliciously and sadistically made very tight, causing Plaintiff physical injury.

25. Mr. Smith was brought to pier 57, where his handcuffs were finally removed. Pier 57, which

was normally used for the storage of buses, was unsanitary, contaminated with waste oil and other harmful substances, and unsafe to be used as a holding area.

26.     Upon information and belief, Mr. Smith was arrested not on probable cause, but solely because his age and appearance matched an illusory and vague profile of an "anarchist," whom the NYPD believed was responsible for setting the dragon afire.

27.     Upon information and belief, Defendant City of New York instituted a policy and practice of attempting to suppress lawful dissent during the RNC by arresting people without probable cause.

28.     Upon information and belief, Defendant City of New York instituted a policy and practice of arresting individuals without probable cause in order to clear the streets and sidewalks of individuals deemed undesirable to be in the area of the RNC.

29.     Mr. Smith was falsely charged with Assault in the First Degree; Assault on a Peace Officer, Police Officer, Fireman or EMS Professional; Reckless Endangerment in the First Degree; Hindering Prosecution in the Second Degree; and Riot in the First Degree, all felonies, as well as misdemeanor Resisting Arrest and Obstruction of Governmental Administration in the Second Degree.

30.     The arresting officer, as listed on plaintiff's criminal court complaint, is Defendant Orlando Rivera.

31.     Mr. Smith remained incarcerated until September 4, 2004 - six days after his arrest - before his bail was paid by an anonymous individual.

32.     On September 4, 2004, the grand jury returned an indictment against Mr. Smith for Riot in the Second Degree, Reckless Endangerment in the Second Degree, Obstructing Governmental Administration in the Second Degree, Resisting Arrest, and Hindering Prosecution in the Third Degree, all misdemeanors.

33.     Plaintiff was forced to travel from his then-home in Boston to New York City for numerous court appearances in New York State Supreme Court as an accused criminal.

34.     All charges against Mr. Smith were dropped on or about May 17, 2004, when a video came to light showing that one of plaintiff's co-defendants was nowhere near the scene of the crime, putting the entire testimony of the police officers in doubt.

35.     Each of the Defendant police officers, in their arrest, prosecution of Mr. Smith, and testimony before the grand jury, acted maliciously and/or in reckless disregard for Mr. Smith's rights under the Fourth and Fourteenth Amendments to be free from false arrest and malicious prosecution.

FIRST CAUSE OF ACTION: 42 U.S.C. § 1983

36.     Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 35 of this Complaint with the same force and effect as if set forth herein.

37.     As a direct and proximate result of defendants' actions as set forth herein, Plaintiff was deprived of rights, privileges and immunities secured to him under the constitution and the laws of the United States, including, but not limited to, his rights under the First, Fourth and Fourteenth Amendments and 42 U.S.C. § 1983 to be secure in his person, to be free from the use of excessive and unreasonable force, to be free from unreasonable searches and seizures, to his due process right to be free from detention in unsanitary and unsafe conditions; to be free from malicious prosecution, false arrest and false imprisonment and punishment without due process; Plaintiff was also deprived of his right to freedom of speech and him right to peaceably assemble.

38.     The Defendants acted with malice or with reckless disregard for whether plaintiff's rights would be violated by their actions.

39.     As a result of the aforesaid violation of Plaintiff's rights, he sustained grievous personal

injuries to mind and body, sustained great pain and suffering, was deprived of his liberty and made ill, and was subjected to ridicule, scorn and humiliation by those observing and/or knowing of his arrest, assault, battery and detention, and was required to appear in the New York criminal courts as an accused criminal.

40. Plaintiff seeks compensatory damages from all Defendants, as well as punitive damages from all the individual defendants.

## SECOND CAUSE OF ACTION: *MONELL*

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 40 of this Complaint with the same force and effect as if set forth herein.

42. The aforesaid occurrence was due to the policy, custom and practice of Defendant City of New York and/or its supervisors and policymakers, and their willful indifference to the training, supervision, disciplining, and retention of the individual defendants, which caused a blatant violation of plaintiff's civil rights.

43. As a result of the aforesaid violation of his civil rights, the Plaintiff sustained serious personal injuries to mind and body, was rendered sick, sore, and lame, and sustained great pain and emotional suffering.

44. Because of the foregoing, the Plaintiff seeks compensatory damages from all defendants and an equal amount as punitive damages from all the individual defendants.

## THIRD CAUSE OF ACTION: MALICIOUS PROSECUTION

45. Plaintiff repeats and realleges each and every allegation contained in paragraphs one through 44 of this Complaint with the same force and effect as if set forth herein.

46. The individual Defendants herein instituted a criminal proceeding against the Plaintiff

without probable cause, with malice, and the criminal proceedings were terminated in favor of the Plaintiff.

47.     Because of the foregoing, the Plaintiff seeks compensatory damages from all the individual Defendants and an equal amount as punitive damages from those Defendants.

## JURY DEMAND

48.     The plaintiff respectfully demands that this proceeding be tried by a jury.

WHEREFORE, plaintiff prays for the following relief:

1)  For a declaratory judgment under 28 U.S.C. Sec. 2201 declaring that the defendants, separately and in concert, violated the plaintiff's constitutional rights; and

2)  For compensatory damages against all defendants; and

3)  For punitive damages against the individual defendants; and

4)  For attorney's fees and costs pursuant to 42 U.S.C. § 1988; and

5)  For such other relief as is just and proper.

DATED:  New York, New York
        March 2, 2006

Respectfully submitted,

BERANBAUM MENKEN
BEN-ASHER & BIERMAN LLP

/s/
By: Jason Rozger (JR8986)

80 Pine Street, 32nd Floor
New York, New York 10005
212-509-1616
212-509-8088